UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ABRAHAM CAMPOS, FAUSTINO SANCHEZ
JUAREZ, EDUARDO TIPAN, JOSE ALBERTO
FUENTES CAMPOS, and MANUEL DOMINGUEZ,
on behalf of themselves and all others
similarly situated,

**COMPLAINT**

Plaintiffs,

**Docket No.:**

-against-

Jury Trial Demanded

ASC, INC., d/b/a LA NONNA RESTAURANT;
ANNETTE SABATINO, an individual;
PERRY CRISCITELLI, an individual; and
NICHOLAS CRISCITELLI, an individual,

Defendants.
-------------------------------------------------------------------X

Plaintiffs, ABRAHAM CAMPOS (hereinafter "Abraham Campos"), FAUSTINO SANCHEZ JUAREZ (hereinafter "Juarez"), EDUARDO TIPAN (hereinafter "Tipan"), JOSE ALBERTO FUENTES CAMPOS (hereinafter "Fuentes Campos") and MANUEL DOMINGUEZ (hereinafter "Dominguez") on behalf of themselves and all others similarly situated (collectively as "Plaintiffs" or "FLSA Plaintiffs" or "Rule 23 Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against ASC, INC., d/b/a LA NONNA RESTAURANT, ("ASC"); ANNETTE SABATINO, an individual ("Sabatino"); PERRY CRISCITELLI, an individual ("P. Criscitelli"); and NICHOLAS CRISCITELLI ("N. Criscitelli"), an individual (collectively as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

1

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations committed by the Defendants of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law §652(1); (v) the prohibition on employers from requiring employees to give a portion of their earned tips to employers or their agents under the NYLL, §196-d; (vi) the prohibition on employers from requiring employees to purchase a uniform for work without compensating the employee for the cost of the uniform or providing uniform maintenance pay under 12 NYCRR §146-1.7 and 1.8; (vii) the "spread of hours" provisions of the NYCCRR, tit. 12, § 142.2.4; N.Y. Lab. Law § 652; (viii) the requirement that employers furnish employees with wage statements containing specific categories of information under the NYLL, § 195(3); (ix) the common law prohibitions on conversion, based on the withholding of earned tips from employees; and (x) any other claims(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

3.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other persons similarly-situated during the

applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

5.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of the defendants reside within this judicial district.

## PARTIES

6.      At all relevant times herein, Plaintiff Abraham Campos is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

7.      At all relevant times herein, Plaintiff Juarez is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

8.      At all relevant times herein, Plaintiff Tipan is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

9.      At all relevant times herein, Plaintiff Fuentes Campos is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

10.      At all relevant times herein, Plaintiff Dominguez is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

11.     At all relevant times herein, Defendant ASC is a corporation organized under the laws of the State of New York with its principal place of business at 134 Mulberry Street, New York, New York 10013.

12.     At all relevant times herein, Defendant Sabatino is the Chief Executive Officer ("CEO") of Defendant ASC, as provided for in New York State's records of incorporation. Defendant Sabatino regularly appeared at La Nonna Restaurant to inspect and oversee operations.

13.     At all relevant times herein, Defendant P. Criscitelli is a co-owner of Defendant ASC. Defendant P. Criscitelli was present at La Nonna Restaurant on a daily basis, and directed the work of ASC's managers.

14.     At all relevant times herein, Defendant N. Criscitelli is a co-owner of Defendant ASC. Defendant N. Criscitelli regularly appeared at La Nonna Restaurant to inspect and oversee operations.

15.     At all relevant times herein: all Defendants are "employers" and "persons" within the meaning of the FLSA and NYLL. Additionally, the Defendants' qualifying annual business exceeds $500,000 and the Defendants are engaged in interstate commerce within the meaning of the FLSA as they sold products and used supplies in the course of business that originated in states other than New York, and also served a diverse clientele, routinely serving groups that originated in states other than New York, the combination of which subjects the Defendants to the FLSA's overtime requirements. Furthermore, all of Defendants' employees, including the individually-named Plaintiffs, are individually engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA.

16.     At all relevant times herein, Plaintiffs worked for the Defendants at the Defendants' Manhattan address listed above.

## PRELIMINARY STATEMENT

17.     The Defendants are serial and willful violators of the FLSA and NYLL. This is a straightforward matter.

18.     Plaintiff Abraham Campos was an hourly employee of the Defendants. Throughout his employment, as described below, Plaintiff Abraham Campos worked at least sixty-four hours per week. However, Defendants always paid Plaintiff Abraham Campos at a rate below minimum wage, and failed to pay him for all hours worked, or for time and one-half the applicable wage for hours over forty in a work week. Throughout his employment, Plaintiff Abraham Campos worked twelve- to fourteen-hour days, however, the Defendants failed to pay him an additional hour of pay for days he worked over ten hours. The Defendants failed to furnish Plaintiff Abraham Campos with accurate and/or complete wage statements as required by the NYLL, as the Defendants paid Plaintiff Abraham Campos either all or a portion of his wages in cash each week, and the wages statements with which they furnished him did not account for the cash portion of his wages. Although Plaintiff Abraham Campos earned tips in his employment, Defendants never provided Plaintiff Abraham Campos with a statement of tip credit, and Defendants required that he surrender a portion of his tips to his three managers on a nightly basis. Defendants required Plaintiff Abraham Campos to purchase a uniform but never compensated him for the cost, nor provided him with uniform maintenance pay. Finally, Defendants are guilty of conversion for taking tip income from Plaintiff Abraham Campos and giving it to Defendants' managers.

19.     Plaintiff Juarez was an hourly employee of the Defendants.  Throughout his employment, as described below, Plaintiff Juarez worked at least sixty hours per week. However, Defendants always paid Plaintiff Juarez at a rate below minimum wage, and failed to pay him for all hours worked, or for time and one-half the applicable wage for hours over forty in a work week.  Throughout his employment, Plaintiff Juarez worked twelve-hour days, however, the Defendants failed to pay him an additional hour of pay for days he worked over ten hours.  The Defendants failed to furnish Plaintiff Juarez with accurate and/or complete wage statements as required by the NYLL, as the Defendants paid Plaintiff Juarez either all or a portion of his wages in cash each week, and the wages statements with which they furnished him did not account for the cash portion of his wages.  Although Plaintiff Juarez earned tips in his employment, Defendants never provided him with a statement of tip credit, and Defendants required that he surrender a portion of his tips to his three managers on a nightly basis. Defendants required Plaintiff Juarez to purchase a uniform but never compensated him for the cost, nor provided him with uniform maintenance pay.  Finally, Defendants are guilty of conversion for taking tip income from Plaintiff Juarez and giving it to Defendants' managers.

20.     Plaintiff Tipan was an hourly employee of the Defendants.  As described below, Plaintiff Tipan worked fifty-five to sixty-six hours a week during August and September, 2012. However, Defendants always paid Plaintiff Tipan at a rate below minimum wage, and failed to pay him for all hours worked, or for time and one-half the applicable wage for hours over forty in a work week.  Throughout his employment, Plaintiff Tipan worked eleven-hour days, however, the Defendants failed to pay Plaintiff Tipan an additional hour of pay for days he worked over ten hours.  The Defendants failed to furnish Plaintiff Tipan with accurate and/or complete wage statements as required by the NYLL, as the Defendants required Plaintiff Tipan

6

to falsify the hours entered on his punch card, and the wages statements with which they furnished him did not account for the hours omitted from the punch card. Although Plaintiff Tipan earned tips in his employment, Defendants never provided Plaintiff Tipan with a statement of tip credit, and Defendants required that he surrender a portion of his tips to his three managers on a nightly basis. Defendants required Plaintiff Tipan to purchase a uniform but never compensated him for the cost, nor provided him with uniform maintenance pay. Finally, Defendants are guilty of conversion for taking tip income from Plaintiff Tipan and giving it to Defendants' managers.

21.    Plaintiff Fuentes Campos was an hourly employee of the Defendants. As described below, Plaintiff Fuentes Campos worked anywhere from fifty-two to seventy-eight hours a week. However, Defendants always paid Plaintiff Fuentes Campos at a rate below minimum wage, and failed to pay him for all hours worked, or for time and one-half the applicable wage for hours over forty in a work week. Throughout his employment, Plaintiff Fuentes Campos worked thirteen-hour days, however, the Defendants failed to pay Plaintiff Fuentes Campos an additional hour of pay for days he worked over ten hours. The Defendants failed to furnish Plaintiff Fuentes Campos with accurate and/or complete wage statements as required by the NYLL, as the Defendants required Plaintiff Fuentes Campos to falsify the hours entered on his punch card, and the wages statements with which they furnished him did not account for the hours omitted from the punch card. Although Plaintiff Fuentes Campos earned tips in his employment, Defendants never provided Plaintiff Fuentes Campos with a statement of tip credit, and Defendants required that he surrender a portion of his tips to his three managers on a nightly basis. Defendants required Plaintiff Fuentes Campos to purchase a uniform but never compensated him for the cost, nor provided him with uniform maintenance pay. Finally,

Defendants are guilty of conversion for taking tip income from Plaintiff Fuentes Campos and giving it to Defendants' managers.

22.     Plaintiff Dominguez was an hourly employee of the Defendants.  Throughout his employment, as described below, Plaintiff Dominguez worked anywhere from fifty-four or seventy-one hours per week.  However, Defendants failed to pay Plaintiff Dominguez for all hours worked, or for time and one-half the applicable wage for hours over forty in a work week. The Defendants failed to furnish Plaintiff Dominguez with accurate and/or complete wage statements as required by the NYLL, as the Defendants paid Plaintiff Dominguez either all or a portion of his wages in cash each week, and the wages statements with which they furnished him did not account for the cash portion of his wages.

23.     The Defendants paid and treated all of their non-managerial, hourly employees in this manner.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiffs seek to bring this suit to recover from Defendants minimum wages, overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on their own behalf as well as those in the following class:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work in any of Defendants' locations as non-managerial employees who give consent to file a claim to recover damages for (1) overtime compensation which is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages which are legally due to them ("FLSA Plaintiffs").

25.     The Defendants treated Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos, Dominguez and all FLSA Plaintiffs similarly in that Plaintiffs Abraham Campos,

Juarez, Tipan, Fuentes Campos, Dominguez and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were required to work in excess of forty hours per workweek; were not paid the required one and a half times their respective regular rates of pay for overtime hours worked; and/or were not paid minimum wages for any hours worked.

26.     At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs: minimum wage for all hours worked each workweek up to forty; and the rate of one and one-half times their respective rates of pay for hours worked each workweek above forty; yet they purposefully chose not to do so.

## RULE 23 CLASS ALLEGATIONS

27.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL and the NYCCRR.

28.     Under Fed. R. Civ. P. 23(b)(3), a plaintiff must plead that:

    a.   The class is so numerous that joinder is impracticable;

    b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.   Claims or defenses of the representative are typical of the class;

    d.   The representative will fairly and adequately protect the class; and

    e.   A class action is superior to other methods of adjudication.

29.     The Rule 23 Class that Plaintiffs seek to identify includes:

Current and former employees of Defendants who, during the applicable NYLL and common law limitations period: (1) were not provided with overtime compensation that is legally due to them for the time worked in excess of forty hours per week; (2) were not paid minimum wages which are legally due to them for each hour worked per week; (3) were required to give a portion of their earned tips to Defendants or their agents; (4) were required to purchase a uniform for work, without being compensated for the purchase or provided with uniform maintenance pay; (5) were not paid the appropriate rate for spread-of-hours; and/or (6) were not provided with accurate wage statements on each payday containing the information required by NYLL § 195(3). ("Rule 23 Plaintiffs").

<u>Numerosity</u>

30.    During the previous six years, Defendants have, in total, employed in excess of at least forty non-managerial employees that are putative members of this class.

<u>Common Questions of Law and Fact</u>

31.    There are common questions of law that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required each Rule 23 Plaintiff to perform; whether the Defendants required each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated the Rule 23 Plaintiffs at the legally-mandated minimum wage rate for hours worked per week up to forty; whether the Defendants compensated the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half their respective straight-time rates of pay for hours worked per week over forty; whether the Defendants failed to pay Rule 23 Plaintiffs for spread-of-hours on days when Rule 23 Plaintiffs worked more than ten hours; whether the Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); whether the Defendants required Rule 23 Plaintiffs to give a portion of their earned tips to Defendants' managers; whether the Defendants required

10

Rule 23 Plaintiffs to purchase a uniform to wear while working, without compensating Rule 23 Plaintiffs for the purchase or providing uniform maintenance pay; whether the Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what the proper measure of damages is.

Typicality of Claims and/or Defenses

32.     As described in the section below, the Defendants employed Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos, and Dominguez as non-managerial, hourly, waiters, food runners, busboys or cooks, respectively.  Plaintiffs' duties, hours, pay rate and pay structure were substantially similar to each other and to those of the Rule 23 Plaintiffs.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs have worked and work for Defendants at La Nonna in excess of forty hours per week, as non-managerial employees, whom the Defendants paid and pay on an hourly basis.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid overtime, minimum wage, spread of hours pay, and uniform reimbursement and maintenance; to not have their earned tips taken away and converted by the Defendants; and to be furnished with accurate paystubs on each payday.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated

or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

Adequacy

33.     Plaintiffs, as described below, worked the same or similar hours throughout their employment with Defendants as each other and the Rule 23 Plaintiffs. The Defendants did not pay Plaintiffs minimum wage or overtime pay for their hours worked over forty each week; did not pay spread of hours for hours worked over 10 in a workday; did not pay Plaintiffs for uniform reimbursement or maintenance; did not issue accurate pay statements on the Plaintiffs' payday; and converted Plaintiffs' tips, requiring that a portion be turned over to managers, similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs are no longer employed with the Defendants, and thus have no fear of retribution for their testimony. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

Superiority

34.     Plaintiffs have no material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least substantially similarly, to the Rule 23 Plaintiffs.

35.     Any lawsuit brought by a non-managerial, hourly employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

36.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under Fed. R. Civ. P. 23(b)(3).

**BACKGROUND FACTS**

37.    Defendant ASC is a corporation doing business as La Nonna, a restaurant.

38.    Defendant ASC is a corporation organized under the laws of the State of New York with its principal place of business at 134 Mulberry Street, New York, New York 10013.

39.    Defendant ASC's qualifying annual business exceeds $500,000.    Further, Defendant ASC sold products and used supplies in the course of business that originated in states other than New York, and also served a diverse clientele, routinely serving groups that originated in states other than New York.

40.    At all relevant times herein, Defendant Sabatino is the Chief Executive Officer ("CEO") of Defendant ASC, as provided for in New York State's records of incorporation. Defendant Sabatino regularly appeared at La Nonna Restaurant to inspect and oversee operations.

41.    At all relevant times herein, Defendant P. Criscitelli is a co-owner of Defendant ASC.  Defendant P. Criscitelli was present at La Nonna Restaurant on a daily basis, and directed the work of ASC's managers.

42.    At all relevant times herein, Defendant N. Criscitelli is a co-owner of Defendant ASC.  Defendant N. Criscitelli regularly appeared at La Nonna Restaurant to inspect and oversee operations.

43.     Plaintiff Abraham Campos commenced his employment with Defendants on or about August 15, 2006, and worked as a waiter at La Nonna Restaurant, located at 134 Mulberry Street, New York, New York.

44.     Plaintiff Juarez commenced his employment with Defendants on or about March 17, 2006, and worked as a food runner at La Nonna Restaurant, located at 134 Mulberry Street, New York, New York.

45.     Plaintiff Tipan commenced his employment with Defendants in or about August, 2012, and worked as a busboy at La Nonna Restaurant, located at 134 Mulberry Street, New York, New York.

46.     Plaintiff Fuentes Campos commenced his employment with Defendants in or about May, 2009, and worked as a busboy and food runner at La Nonna Restaurant, located at 134 Mulberry Street, New York, New York.

47.     Plaintiff Dominguez commenced his employment with Defendants in or about March, 2012, and worked as a cook at La Nonna Restaurant, located at 134 Mulberry Street, New York, New York.

48.     Defendants terminated Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez from their employment with Defendants on February 9, 2013.

49.     During his employment with Defendant, Plaintiff Abraham Campos served as a waiter, providing general food service duties. Plaintiff Juarez served as a food runner, delivering prepared food. Plaintiff Tipan served as a busboy, clearing tables. Plaintiff Fuentes Campos served as a busboy and occasional food runner. Plaintiff Dominguez served as a cook, preparing food. All of the named Plaintiffs handled goods that had been and continued to be moved in interstate commerce.

50.     Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez were non-managerial employees without any supervisory authority over other employees.

51.     For the duration of their employment, Plaintiffs Abraham Campos, Juarez, Fuentes Campos and Dominguez were full-time employees of Defendants.  Plaintiff Tipan was a full-time employee of Defendants in August and September, 2012.

52.     Throughout his employment, Plaintiff Abraham Campos worked five days a week.  On Monday, Thursday and Friday, Plaintiff Abraham Campos worked from 10:30 a.m. to 10:30 p.m.  On Saturday and Sunday, Plaintiff Abraham Campos worked from 10:00 a.m. to midnight.  This totals sixty-four hours a week.

53.     Throughout his employment, Plaintiff Juarez worked five days a week, Friday through Tuesday, from either 10:00 a.m. to 10:00 p.m., or from 11:00 a.m. to 11:00 p.m.  This totals sixty hours a week.

54.     In August and September, 2012, Plaintiff Tipan worked six days a week, from 11:00 a.m. to 10:00 p.m., without break.  This totals sixty-six hours in a week.  From October 2012 to February 9, 2013, Plaintiff Tipan worked three days a week, from 11:00 a.m. to 10:00 p.m, without break; during this period of time, as discussed below, Defendants continued to fail to pay Plaintiff Tipan for spread of hours; continued to require that Plaintiff Tipan surrender a portion of the tips he earned to his managers; and continued to fail to provide Plaintiff Tipan with an accurate statement of hours and wages at the time payroll was issued.

55.     Throughout his employment, Plaintiff Fuentes Campos worked from four to six days a week, from 10:30 a.m. to 11:30 p.m.  This totals fifty-two to seventy-eight hours a week.

56.     From March through September, 2012, and December, 2012, Plaintiff Dominguez worked six days a week, Tuesday through Sunday, from 11:00 a.m. to closing time, averaging

seventy-one hours per week.  In October and November, 2012, and January and February, 2013, Plaintiff Dominguez worked five days a week, Tuesday through Thursday plus Saturday and Sunday, from 11:00 a.m. to closing time, averaging fifty-four hours per week.

57.     Through December 2009, Defendants paid Plaintiff Abraham Campos $20 per day.  Based on a five-day, sixty-four-hour work week, this reflects a wage of approximately $1.56 an hour.

58.     Through December 2009, Defendants paid Plaintiff Juarez $20 per day.  Based on a five-day, sixty-hour work week, this reflects a wage of approximately $1.67 an hour.

59.     Throughout Plaintiff Tipan's employment, Defendants paid Plaintiff Tipan $5.00 per hour.

60.     Through December, 2009, Defendants paid Plaintiff Fuentes Campos $20.00 a day, in cash.

61.     From March through September, 2012, and December, 2012, Defendants paid Plaintiff Dominguez $21.25 an hour for forty hours of work.  In October and November, 2012, and January and February, 2013, Defendants paid Plaintiff Dominguez approximately $17.93 an hour for forty hours of work.  Defendants did not pay Plaintiff Dominguez for hours worked over forty in a work week.

62.     Beginning in January 2010, Defendants introduced a punch clock for staff.  However, Defendants required Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos Dominguez and other employees to punch in after their shift started, punch out and in for lunch hours not taken, and punch out several hours before the end of their shifts.  As a result, Plaintiff Abraham Campos's, Juarez's, Tipan's, Fuentes Campos's, and Dominguez's punch card records reflected far fewer hours than actually worked.

63.     Beginning in January 2010, Plaintiffs Abraham Campos's and Juarez's paychecks began reflecting a wage of $4.65 an hour, and $8.28 an hour for overtime.

64.     Beginning in January 2011, and continuing to the end of their employment with Defendants, Plaintiffs Abraham Campos's and Juarez's paychecks reflected a wage of $5.00 an hour, and $8.63 an hour for overtime.

65.     Beginning in January 2010, Plaintiff Fuentes Campos began being paid by check, with a salary of approximately $5.50-6.00.

66.     Defendants did not pay Plaintiffs Abraham Campos, Juarez, Tipan or Fuentes Campos for the hours omitted from their punch cards.

67.     Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos received tips. Defendants required that tips be pooled and distributed among staff on a nightly basis. Waiters received a "full" share of the tips, and food runners and busboys received a "half" share of the tips. Three managers each took a "full" share of the tips, equal to the amount received by wait staff.

68.     The Defendants never notified Plaintiffs Abraham Campos, Juarez, Tipan or Fuentes Campos about the application of a tip credit against their wages; Specifically, the Defendants failed to notify Plaintiffs Abraham Campos, Juarex, Tipan and Fuentes Campos the amount of the cash wage that was to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee were increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and

17

regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements.

69.     The Defendants required Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos to purchase vests with the La Nonna logo on it. The Defendants did not compensate Plaintiffs Abraham Campos, Juarez, Tipan or Fuentes Campos for the cost of purchasing the vest, nor did they provide Plaintiffs Abraham Campos, Juarez, Tipan or Fuentes Campos with uniform maintenance pay.

70.     Defendants never paid Plaintiffs Abraham Campos, Juarez, Tipan or Fuentes Campos minimum rate required under the law for any hours worked.

71.     Defendants never paid Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos or Dominguez one and one-half times their regular rate of pay for the hours they worked in excess of forty hours.

72.     Defendants never paid Plaintiffs Abraham Campos, Juarez, Tipan or Fuentes Campos for the hours omitted from their punch cards at the direction of Defendants.

73.     Plaintiff Abraham Campos worked a minimum of twelve to fourteen hours a day. Plaintiff Juarez worked a minimum of twelve hours a day. Plaintiffs Tipan and Fuentes Campos worked in excess of ten hours a day.  However, prior to January 2010, Defendants never paid Plaintiffs Abraham Campos, Juarez, Tipan, or Fuentes Campos for spread-of-hours.

74.     Defendants never provided Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos or Dominguez with statements of hours or wages at the time payroll was distributed which accurately reflected their hours worked.

75.     All of Defendants' non-managerial employees worked similar hours to Plaintiffs and Defendants did not compensate them at the legally mandated minimum wage or overtime

rate for any hours worked; did not pay them spread of hours rates for hours worked in excess of 10 in a work day; did not allow them to retain earned tips; did not pay them uniform reimbursement or maintenance rates; and did not issue them accurate statements of hours worked or wages earned at the time payroll is issued.

76.     The Defendants' actions as explained in this section were taken with the knowledge that the Defendants were violating the law.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

77.     Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

79.     As described above, both Defendants are employers within the meaning of the FLSA while Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs are employees within the meaning of the FLSA.

80.     As also described above, Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

81.     The Defendants' actions were in willful violation of the FLSA.

82.    Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

83.    Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the FLSA*

84.    Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.    29 U.S.C. § 206 requires employers to compensate their employees at a rate not less than the Federally-mandated minimum wage of $7.25 an hour.

86.    As described above, both Defendants are employers within the meaning of the FLSA while Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs are employees within the meaning of the FLSA.

87.    As also described above, Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs in accordance with the FLSA's minimum wage provisions.

88.    The Defendants' actions were in willful violation of the FLSA.

89.    Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs are entitled to pay at minimum wage for all hours worked per week up to forty,

and at the rate of one and one-half times minimum wage for hours worked in excess of forty in a workweek.

90.     Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's minimum wage provisions.

<strong><u>THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS</u></strong><br><em><u>Unpaid Overtime under the NYLL and NYCCRR</u></em>

91.     Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92.     N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

93.     As described above, both Defendants are employers within the meaning of the NYLL, while Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

94.     As also described above, Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

95.     The Defendants' actions were in willful violation of the NYLL and NYCCRR.

96.     Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

97.     Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the NYLL and NYCCRR*

98.     Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

99.     NYLL § 652 and NYCCRR tit. 12, § 141-1.3 require employers to compensate their employees at a rate not less than $7.15 an hour on and after January 1, 2007; $7.25 an hour on and after July 24, 2009; and $8.00 an hour on and after December 31, 2013.

100.    As described above, both Defendants are employers within the meaning of the NYLL, while Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

101.    As also described above, Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's minimum wage provisions.

102.    The Defendants' actions were in willful violation of the NYLL and NYCCRR.

103.   Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs are entitled to minimum wage pay for all hours worked per week up to forty in a work week, and to one and one-half minimum wage for all hours worked in excess of forty in a work week.

104.   Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Tip-Pooling Violations under the NYLL*

105.   Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

106.   NYLL §196-d require employers to allow employees to retain all tips received by the employee, individually or in a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

107.   As described above, both Defendants are employers within the meaning of the NYLL, while Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

108.   Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs earned tips in the course of their employment.

109.   The Defendants required Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs to pool their tips in a common fund on a nightly basis.

110.   Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs then received a share of the tip pool, with wait staff receiving a full share, and

busboys and food runners receiving a half-share. Three managers also received a full share of the tip pool.

111.   This practice was willful and lasted for the duration of all relevant time periods.

112.   This practice is in violation of NYLL §196-d.

113.   Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs are entitled to retain all earned tips, without being forced to share any portion with management.

114.   For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Uniform Violations under the NYCRR*

115.   Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

116.   12 NYCRR §146-1.7 and 1.8 require employers to compensate employees for the purchase of a required uniform, and to provide employees with uniform maintenance pay for the care of the uniform.

117.   As described above, both Defendants are employers within the meaning of the NYLL, while Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

118.   Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs were required to purchase a vest with the restaurant logo, to wear while on duty.

119.   Defendants did not compensate Plaintiffs for the purchase of the vest.

120.    Defendants did not provide Plaintiffs with uniform maintenance pay.

121.    This practice was willful and lasted for the duration of all relevant time periods.

122.    This practice is in violation of 12 NYCRR §146-1.7 and 1.8.

123.    Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs are entitled to compensation for uniforms and/or for uniform maintenance pay.

124.    For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Spread of Hours Violations under the NYCRR*

125.    Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

126.    12 NYCRR §146-1.6 require employers to compensate employees in restaurants and all-year hotels one additional hour of pay at minimum wage for each day in which the spread of hours exceeds 10.

127.    As described above, both Defendants are employers within the meaning of the NYLL, while Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

128.    Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs were required to work in excess of ten hours a day without being compensated at the appropriate spread of hours rate.

129.    This practice was willful and lasted for the duration of all relevant time periods.

130.    This practice is in violation of 12 NYCRR §146-1.6.

131.    Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs are entitled to compensation for spread of hours for all days in which the spread of hours exceeded ten.

132.    For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

133.    Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

134.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

135.    As described above, the Defendants willfully failed to furnish Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

136.    Pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

137.    For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Conversion*

138.     Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos, FLSA Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

139.     Defendants withheld monies earned by Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos, FLSA Plaintiffs, and Rule 23 Plaintiffs as tips.

140.     Defendants' policy of requiring Plaintiffs Abraham Campos, Juarez, Tipan and Fuentes Campos, FLSA Plaintiffs, and Rule 23 Plaintiffs to share a portion of their earned tips with their managers is unlawful and constitutes conversion.

141.     For their failures, the Defendants are liable to Plaintiffs Abraham Campos, Juarez, Tipan, and Fuentes Campos and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## DEMAND FOR A JURY TRIAL

142.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Abraham Campos, Juarez, Tipan, Fuentes Campos and Dominguez, FLSA Plaintiffs and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws.

b.   An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs and/or Rule 23 Plaintiffs for participation in any form in this litigation;

c. All damages that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and New York Labor Law;

e. Awarding Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law;

g. Punitive damages, as provided by law; and

h. Granting Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
March 17, 2014

Respectfully submitted,
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248 - 5550
Fax. (516) 248 – 6027

By: _____
RUSSELL J. PLATZEK (RP 6515)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)