UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABRAHAM CAMPOS, FAUSTINO SANCHEZ
JUAREZ, EDUARDO TIPAN, JOSE ALBERTO
FUENTES CAMPOS, and MANUEL DOMINGUEZ,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

                                              **Docket No.: 1:14-cv-01900-LTS**

       -against-

ASC, INC., d/b/a LA NONNA RESTAURANT;
ANNETTE SABATINO, an individual;
PERRY CRISCITELLI, an individual; and
NICHOLAS CRISCITELLI, an individual,

                Defendants.
------------------------------------------------------------------X

<u>**PRELIMINARY PRE-TRIAL STATEMENT**</u>

      Pursuant to this Court's April 7, 2014 Order, the Parties hereby submit the following

Preliminary Pre-Trial Statement, showing the Court as follows:

     a.  <u>**Concise statement of the nature of this action:**</u>

      Plaintiffs claim that they are former hourly employees of ASC, Inc., d/b/a La Nonna

Restaurant, and the individual defendants.  Plaintiffs bring claims for unpaid overtime and

unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and the New York Labor

Law ("NYLL").  Plaintiffs also bring claims for unpaid "spread of hours" pay under the N.Y.

Comp. Codes R. & Regs. ("NYCCRR"), uniform violations under the NYCCRR, tip-pooling

violations under the NYLL, failure to furnish proper wage statements in violation of the NYLL,

and claims for common law conversion.

The Defendants deny all material allegations..

**b.** **<u>Pending related criminal or civil actions</u>:**

None.

**c.** **<u>Statements as to Court's jurisdiction</u>:**

Plaintiffs:  Plaintiffs state that jurisdiction is proper; the jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

Defendants: Defendants aver that this Court has jurisdiction pursuant to the cited provisions generally, but denies that the Court can or should exercise such jurisdiction in the instant case (as Defendants may not be "employers" as defined by the FLSA) and further denies that the Court should invoke pendent or supplemental jurisidiction.

**d.** **<u>Statement of all material uncontested or admitted facts</u>:**

At this juncture, Defendants admit the Plaintiffs worked at ASC, Inc., d/b/a La Nonna Restaurant.

**e.** **<u>Statement of all uncontested legal issues</u>:**

No legal issues are uncontested at this time.

**f.** **<u>Statement of all legal issues to be decided by the Court</u>:**

Plaintiffs:  (1) whether Defendants violated overtime provisions of the FLSA; (2) whether Defendants violated minimum wage provisions of the FLSA; (3) whether Defendants are engaged in interstate commerce under the FLSA; (4) whether Plaintiffs are "employees" under the FLSA; (5) whether Defendants violated overtime provisions

of the NYLL; (6)  whether Defendants violated minimum wage provisions of the NYLL; (7) whether Defendants violated spread-of-hours provisions under the NYCCRR; (8) whether Defendants violated tip-pooling provisions under the NYLL; (9) whether Defendants violated uniform provisions under the NYCCRR; (10) whether Defendants violated wage statement provisions under the NYLL; (11) whether Defendants committed the common-law tort of conversion in appropriating for their own use Plaintiffs' tips; (12) whether Plaintiffs are entitled to the two- or three-year statute of limitations under the FLSA; (13) whether Defendants maintained appropriate records of Plaintiffs' hours; (14) whether Plaintiffs are entitled to damages under the FLSA and NYLL; (15) whether Plaintiffs are entitled to liquidated damages under the FLSA and NYLL; (16) whether Plaintiffs are entitled to punitive damages; (17) whether Plaintiffs are entitled to attorney's fees and costs.

Defendants:  In addition to the above, 1) whether this matter can  be maintained as a collective action under FLSA 216(b), including whether Plaintiffs are similarly-situated to each other or other individuals in the alleged class or collective action group; and, 2) whether this matter can be maintained as a class action pursuant to FRCP Rule 23.

g. **Statement of material disputed facts**:

Plaintiffs:

Plaintiffs were, or are currently, hourly employee of the Defendants, who own and operate the restaurant "La Nonna" located in Manhattan.  Throughout their employment, Plaintiffs worked well in excess of forty hours per week, from approximately fifty to eighty hours, depending on the Plaintiff. However, Defendants always paid Plaintiffs at a rate below minimum wage,

and failed to pay Plaintiffs for all hours worked, or for time and one-half the applicable wage for hours over forty in a work week.  Throughout their employment, Plaintiffs' workdays exceeded ten hours, however, the Defendants failed to pay them an additional hour of pay for days they worked over ten hours.  The Defendants failed to furnish Plaintiffs with accurate and/or complete wage statements as required by the NYLL, as the Defendants paid Plaintiffs either all or a portion of their wages in cash each week, and the wages statements with which Defendants furnished Plaintiffs did not account for the cash portion of their wages.  Although Plaintiffs earned tips in their employment, Defendants never provided Plaintiffs with a statement of tip credit, and Defendants required that Plaintiffs surrender a portion of their tips to their managers on a nightly basis.  Defendants required Plaintiffs to purchase a uniform but never compensated Plaintiffs for the cost, nor did they provide Plaintiffs with uniform maintenance pay.  Finally, Defendants are guilty of conversion for taking tip income from Plaintiffs and giving it to Defendants' managers.

Defendants:

Defendants counsel recently was retained, and as of the drafting of this Statement, Defendants have not yet filed their Answer (which is due to be filed on June 3, 2014). Regardless, at this early juncture, Defendants aver that the parties dispute the following material facts:

1) Defendants deny that they are "employers" under the FLSA and the NYLL;

2) Defendants deny that Plaintiffs did not receive minimum wage for each hour of work, and time and one/half the hourly rate for hours worked over 40 in a workweek; 3) Defendants deny that Plaintiffs were not compensated appropriately under the FLSA and NYLL for each hour worked each day in a workweek; 4) Defendants deny that Plaintiffs were not provided the appropriate notices pursuant to NYLL 195 and, regardless, if they were not, Plaintiffs' claims would be barred because Defendant ASC, Inc. made complete and timely payment of all wages due to each Plaintiff under the New York Labor Law; 5) Defendants deny that the Plaintiffs who were entitled to receive tips were not provided with a statement of tip credit or were otherwise paid incorrectly under the NYLL or FLSA; 6) Defendants deny that Plaintiffs who were entitled to receive tips were required to remit a portion of their tips to managers; 7) Defendants deny that each Plaintiff was required to purchase a uniform; 8) Defendants deny that Plaintiffs did not receive an additional hour of minimum wage pay for days on which they worked more than ten hours, and, 8) Defendants deny that Plaintiffs can establish a common policy or practice sufficient to support a collective action under FLSA 216(b).

h.  **Plaintiffs' legal basis for each cause of action asserted.**

(1) Plaintiffs bring their first cause of action for unpaid overtime under the FLSA pursuant to 29 U.S.C. § 207(a), and all relevant case law interpreting same.

(2) Plaintiffs bring their second cause of action for unpaid minimum wages under the FLSA pursuant to 29 U.S.C. § 206, and all relevant case law interpreting same.

(3) Plaintiffs bring their third cause of action for unpaid overtime under the NYLL and NYCCRR pursuant to N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2, and all relevant case law interpreting same.

(4) Plaintiffs bring their fourth cause of action for unpaid minimum wages under the NYLL pursuant to NYLL § 652 and NYCCRR tit. 12, § 141-1.3, and all relevant case law interpreting same.

(5) Plaintiffs bring their fifth cause of action for tip-pooling violations under the NYLL pursuant to NYLL §196-d, and all relevant case law interpreting same.

(6) Plaintiffs bring their sixth cause of action for uniform violations under the NYCCRR tit. 12, §§ 146-1.7 and 1.8, and all relevant case law interpreting same.

(7) Plaintiffs bring their seventh cause of action for spread-of-hours violations pursuant to NYCCRR tit. 12, §146-1.6., and all relevant case law interpreting same.

(8) Plaintiffs bring their eighth cause of action for failure to furnish proper wage statements pursuant to NYLL §§ 195(3) and 198(1-d), and all relevant case law interpreting same.

(9) Plaintiffs bring their ninth cause of action for the common law tort of conversion pursuant to the New York common law, and all relevant case law interpreting same.

**Defendants' basis for each legal defense**:

1. This case cannot be maintained as a collective action because Plaintiffs are not similarly-situated to each other or other individuals in the alleged class or collective action group as required by FLSA 216(b) and relevant precedent

2. This case cannot be maintained as a class action because Plaintiffs cannot establish the requisite criteria (numerosity, superiority, adequacy and common questions of law or fact) under F.R.C.P. Rule 23.

3. Plaintiffs' claims for damages are barred or limited by Defendant ASC, Inc.'s good faith efforts to comply with applicable law.

4. Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

5. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

6. Plaintiffs cannot establish a willful violation under the FLSA or the New York Labor Law and, as such, the FLSA limitation period is two years and liquidated damages cannot be asserted under any statute.

7. Defendants were not required to provide any notice pursuant to New York Labor Law § 195 to Plaintiffs if they commenced or concluded employment with Defendant ASC, Inc. prior to the enactment of such requirements.

8.  Each Plaintiff was provided all notices required by New York Labor Law § 195, and even if any Plaintiff was not provided a notice required by that section, said Plaintiff's claims are barred because Defendant ASC, Inc. made complete and timely payment of all wages due to each Plaintiff under the New York Labor Law.

9.  Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 196-d on a claim for unpaid gratuities because gratuities are neither a wage nor a wage supplement.

10. Pendent or other jurisdiction should not be exercised over Plaintiffs' New York Labor Law claim.

11. Defendant did not require, suffer or permit Plaintiffs to perform work without compensation under the FLSA or New York law.

12. Defendant ASC, Inc. is neither an "enterprise", nor an "enterprise engaged in commerce," under the FLSA and thus is not obligated to pay overtime under the FLSA.

13. Defendants did not willfully failed to pay Plaintiffs any wages and/or money claimed to be due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

14. Defendants Anette Sabatino, Perry Criscitelli and Nicholas Criscitelli are not employers within the meaning of the FLSA or NYLL.

**i.  Concise statement on measure of proof and on whom burden of proof falls as to each cause of action/defense:**

For claims arising under the FLSA, the burden of proof falls on Plaintiff for each cause of action, and the measure of proof is a preponderance of the evidence. The burden of proof

for causes of action arising under the NYLL also fall on the Plaintiff, and the measure of proof is a preponderance of the evidence.

**j.** **Amendments to the pleadings/additions or substitutions of parties, proposed deadlines.**

The parties propose a deadline for amending the pleadings, and adding or substituting parties within thirty days after Defendants file their answer.

**k.** **Whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial.**

The parties do not consent to transfer of the case to a magistrate judge as of this juncture, but reserve the right to do so at a later date.

**l.** **Whether any changes should be made in timing of disclosures under Fed. R. Civ. P. 26(a).**

The parties propose a deadline of June 20, 2014 for filing initial disclosures.

**m.** **Subjects on which disclosure may be needed and proposed discovery cut-off date.**

The parties propose a discovery cut-off date of March 6, 2015.

**n.** **Whether and to what extent expert evidence will be required, and proposed deadlines.**

The parties have not retained any experts as of this date but reserve the right to do so at a later date. The parties  propose a deadline for exchange of expert reports by February 6, 2015, with expert depositions to be completed by March 30, 2015.

**o.** **What if any changes should be made in limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

The parties do not require any changes in this regard at this juncture.  However, if this matter proceeds as a class or collective action in the future, the parties may request changes on the limitations imposed on discovery.

**p.** **Status of settlement discussions.**

The parties will be amenable to settlement discussions once preliminary discovery has taken place.

**q.** **Statement as to whether case is to be tried with a jury, and number of trial days expected for each party's case.**
Plaintiffs have demanded a trial by jury, and anticipate they will need three days to present their case at trial.  Plaintiffs respectfully reserve the right to amend this response at the appropriate time.

Defendants:  At this juncture it is difficult to predict the number of trial days expected given the class and collective action allegations.  Defendants respectfully reserve the right to amend this response at the appropriate time.

**r.** **Any other orders pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**
The parties do not require any orders in this respect at this juncture.

Respectfully submitted,


For the Plaintiffs:

BORRELLI & ASSOCIATES, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248 - 5550
Fax. (516) 248 – 6027

By:___/s/Bradley L. Wilson___
BRADLEY L. WILSON (BW 7932)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)

For the Defendants:

JACKSON LEWIS, LLP
666 Third Avenue, 29th Floor
New York, New York  10017
Tel: (212) 545-4000
Fax: (212) 972-3213

By:___/s/Wendy Mellk_____
WENDY MELLK